Richard Mooney (Cal. Bar No. 176486)
RIMON, P.C.
One Embarcadero Center #400
San Francisco, California  94111
richard.mooney@rimonlaw.com

Paul Beattie, *pro hac vice pending*
RIMON, P.C.
500 Yale Ave. N., 1st Floor
Seattle, Washington 98109
paul.beattie@rimonlaw.com
Telephone: 206.696.9095
Facsimile: 800.930.7271

Attorneys for Plaintiff Daniel E. Levy

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL E. LEVY, an individual domiciled in California, | Civil Action No. |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| PREVACUS, INC., a Delaware corporation residing in Florida, | |
| Defendant. | |

## INTRODUCTION

Pursuant to Rules 8 and 10 of the Federal Rules of Civil Procedure, Plaintiff Dr. Daniel E. Levy ("Dr. Levy") brings this civil action under the federal Declaratory Judgment Act and state contract, quantum meruit/unjust enrichment, and detrimental reliance/promissory estoppel law and further alleges as follows:

## THE PARTIES

1.      Plaintiff Dr. Levy is a Ph.D. chemist with particular knowledge and expertise synthesizing chemical molecules. At all times relevant to this Complaint, Dr. Levy has lived in California within this judicial district.

2.      Defendant Prevacus, Inc. ("Prevacus") is a Delaware for-profit corporation with its principal place of business in the State of Florida at 1400 Village Square Blvd., Suite 3 #414, Tallahassee, Florida 32312. According to its website, "Prevacus is a development stage company focusing on a new treatment for concussions, a.k.a., mild traumatic brain injuries or mTBI." (http://prevacus.com/about/the-prevacus-story/). Prevacus' "new treatment for concussions" centers on two synthetic molecules – one created by Dr. Levy under contract and the other being the original molecule under development by Prevacus for which Dr. Levy was retained to improve the manufacturing process.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 (Diversity Jurisdiction), because Dr. Levy is domiciled in California (in this judicial district) and Prevacus is a Delaware corporation with its principal place of business in Florida. The Parties are thus completely diverse. Additionally, Prevacus currently owes Dr. Levy at least $79,000 in compensation under the contract between the parties, as discussed below, without interest or punitive damages or litigation costs and expenses. This is obviously over the jurisdictional "amount in controversy" requirement of $75,000. Prevacus also *currently* owes Dr. Levy over $10,000 in attorneys' fees for prior efforts to settle this matter and to recover monies due him. Prevacus also owes Dr. Levy prejudgment interest in an amount exceeding $14,000.

4.      Additionally, Dr. Levy is suing for a share of equity or an ownership interest in Prevacus and, on information and belief, the value of Dr. Levy's ownership interest would be significantly greater than $500,000 under any reasonable fair market value assessment of that ownership interest. Moreover, Dr. Levy is asserting the right to rescind the contract between him and Prevacus on the grounds that Prevacus has breached that contract and denied Dr. Levy the benefit of the bargain. Under that remedy (if ultimately chosen), Dr. Levy might be obligated to pay back over $100,000 he previously received in compensation from Prevacus, but he would get all legal and equitable interests in the molecules he designed and helped synthesize, all legal and equitable interests in any manufacturing processes he developed, and the patent applications (and any patents issuing from those applications). The value of those patent applications and patents is certainly in the millions of dollars under any fair market assessment, and the amount that Dr. Levy might have to pay to perfect that remedy is also significantly in excess of the $75,000 jurisdiction limit. For all these reasons, Dr. Levy can comfortably establish diversity jurisdiction under several theories.

5.      The Court also has "arising under" jurisdiction over the case under the federal Declaratory Judgment Act.

6.      This Court has personal jurisdiction over Defendant Prevacus under a specific jurisdiction theory, because the contract between the parties was negotiated with Dr. Levy in California, Dr. Levy was retained out of California, and Prevacus advertised for a consultant, and sought to retain that consultant, in the San Francisco Bay area. Additionally, during the entire relationship between the Parties, Dr. Levy worked out of his office in California, traveling when needed to and from California, but supervising and working overwhelmingly from his office in California. Moreover, Prevacus sent compensation totaling more than $100,000 to Dr. Levy in California. Prevacus thus purposely chose to do business in California.  Additionally, most of the important documents relevant to this case are located in California, where Dr. Levy directed the synthesis of the two molecules (used for treating concussions) at issue. The actual synthesis of those molecules occurred in China, not in Florida, but the conceptual work, instruction, and guidance of that synthesis occurred in and from California by Dr. Levy, who is one of the foremost experts on

synthesizing such molecules.  Finally, and critically, the claims at issue in this case surround and concern the precise contract that Dr. Levy reviewed, signed, and agreed to be bound by in California. The Court therefore has specific jurisdiction over Prevacus, who purposely availed itself of business opportunities in California and then reneged on and breached the contract that it entered into with a California resident.

7.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b), because "a substantial part of the events or omissions giving rise to the claim" occurred in this venue. *Id.*

## CLAIMS/CAUSES OF ACTION

## COUNT 1

### (Breach of Contract)

8.    The allegations from all prior paragraphs of this Complaint are incorporated by reference here.

9.    On or about March 30, 2013, the Parties entered into a written contract called the March 30, 2013 Consulting Agreement ("Agreement"). A true and correct copy of that Agreement is attached to the Complaint as **Exhibit A** and is fully incorporated by reference. The document itself is the best evidence of its terms, but essentially, Dr. Levy agreed to consult with Prevacus and to help Prevacus synthesize, and optimize the synthesis of, a molecule that could be used to treat concussions and other brain traumas. Dr. Levy then went on to design a second, even more useful molecule for Prevacus, and directed and supervised the synthesis of that molecule. More generally, Dr. Levy performed all obligations he had under the Agreement, with no complaints and concerns stated from Prevacus or its management. Indeed, Dr. Levy received unstinting praise for his work from Prevacus; but he did not receive all the compensation to which he was entitled. Dr. Levy was supposed to be fully compensated for his efforts under the Agreement. (*See* Exhibit A at ¶ 2.1) Yet Prevacus currently owes Dr. Levy more than $79,000 under the Agreement. Prevacus also owes Dr. Levy prejudgment interest and over $10,000 in attorneys' fees, previously incurred to try to get Prevacus to honor its Agreement.

10.    Additionally, Prevacus repeatedly promised Dr. Levy an ownership/equity interest in Prevacus, both before and *after* the signing of the Agreement (Exhibit A). On numerous occasions,

Prevacus promised Dr. Levy stock in the company and implied that his compensation would not be complete or adequate without it. Yet, as Dr. Levy performed his obligations, under the lure and promise of additional compensation, that compensation never materialized from Prevacus.

11.     Prevacus ultimately filed several patent applications on the work that Dr. Levy did for Prevacus under the Agreement ("Patent Applications"). On information and belief, some of these Patent Applications have been published and are thus likely to issue, but -- to the best of Dr. Levy's knowledge -- no patent has issued yet from his work. Dr. Levy has dutifully assigned to Prevacus the rights to his inventions, to the Patent Applications, and to any resulting patents, all in reliance on Prevacus' promise to pay his compensation under the Agreement and to give him an equity interest in Prevacus. But Prevacus has breached the Agreement and its oral and written promises relating to stock ownership.

12.     Dr. Levy has been injured by Prevacus' breaches of the Agreement and its promises in an amount to be determined at trial, but representing fair and reasonable compensation. He is currently owed over $79,000 under the Agreement. He is also entitled to recover the promised stock interests and over $10,000 in past attorneys' fees, as well as prejudgment interest. Finally, he is entitled to costs and reasonable attorneys' fees under the Agreement, which has an explicit attorney fee provision. Dr. Levy reserves the right to choose rescission of the Agreement as his remedy and to seek the legal and equitable assignment of all right, title, and interest in and to the Patent Applications and any resulting patents.

## **COUNT 2**

### **(Quantum Meruit/Unjust Enrichment)**

13.     The allegations from all prior paragraphs of this Complaint are incorporated by reference here. Prevacus has also been unjustly enriched in that it received the full benefit of Dr. Levy's efforts while not paying the just, agreed, and reasonable compensation. Under the circumstances, it would be unjust to allow Prevacus to retain the Patent Applications, and any resulting patents, while not fully compensating Dr. Levy with the money and stock interests to which he is entitled.

14.     Dr. Levy is currently owed over $79,000. He is also entitled to recover over $10,000 in past attorneys' fees, as well as prejudgment interest. Finally, he is entitled to the stock which he was promised. In the alternative, Dr. Levy reserves the right to ask for legal and equitable assignment of all right, title, and interest in and to the Patent Applications and any resulting patents.

## COUNT 3

### (Promissory Estoppel/Detrimental Reliance)

15.     The allegations from all prior paragraphs of this Complaint are incorporated by reference here.

16.     Dr. Levy is also entitled to an ownership interest or stock in Prevacus under a detrimental reliance theory. As the Agreement was being negotiated, Prevacus' representatives repeatedly told Dr. Levy that time was of the essence and that he needed to start working on the molecule right away. Prevacus repeatedly promised it would work out a stock or ownership interest arrangement with Dr. Levy, but as he completed his work, and they got what they wanted out of the relationship, Prevacus reneged on its promises and failed to follow through with the promised stock interest.

17.     Dr. Levy detrimentally relied on Prevacus' promise to give him stock (or an ownership interest) under circumstances in which it was reasonable to do so for several reasons, including the repeated promises he received from Prevacus, the great results Dr. Levy obtained for Prevacus, and the seemingly honesty and professionalism of Prevacus' representatives, who had not previously shown an inclination to dissemble or cheat Dr. Levy out of his fair compensation.

18.     Dr. Levy is entitled to receive the stock shares he was promised under a theory of detrimental reliance/promissory estoppel.

## COUNT 4

### (Federal Declaratory Judgment Act)

19.     The allegations from all prior paragraphs of this Complaint are incorporated by reference here.

20.     There is an actual case or controversy between the Parties that is live, immediate, real, and capable of resolution by the Court. That controversy includes how much money and stock

Prevacus owes Dr. Levy and, in the event of failure of consideration and material breach of the Agreement by Prevacus, whether Dr. Levy is entitled to claim all right, title, and interest in and to the Patent Applications and any resulting patents.

21.     Dr. Levy seeks an order declaring that he is the legal, equitable, and/or beneficial owner of all right, title, and interest in and to the Patent Applications and any resulting patents and he respectfully asks the Court to order Prevacus to assign him those Patent Applications and any resulting patents.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Dr. Levy hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Dr. Levy respectfully requests the Court to award the following relief:

a.     A judgment or order that Defendant has breached the Agreement;

b.     A judgment or order that Defendant must pay Dr. Levy all monies and other compensation owing to him under the Agreement or under any applicable legal theory;

c.     A judgment or order that Defendant must issue Dr. Levy an appropriate amount of stock or ownership interest in the company;

d.     A judgment or order that Defendant have committed the other wrongs or torts alleged;

e.     In the alternative, an order rescinding the Agreement and ordering Prevacus to assign the Patent Applications and any resulting patents to Dr. Levy;

f.     An award of damages sufficient to compensate Dr. Levy under all applicable legal theories, including general, special, compensatory, and consequential damages;

g.     Costs and expenses of this action, including reasonable attorneys' fees;

1        h.       Pre and post-judgment interest;

2        i.        Any other relief this Court deems to be just and proper.

3
Dated: March 29, 2016                            Respectfully Submitted,
4

5

6                              By:         /s/ Richard Mooney
     Richard Mooney, Esq. (Cal. Bar No. 176486)
7                 Rimon, PC
                  One Embarcadero Center #400
8                 San Francisco, California  94111
                  richard.mooney@rimonlaw.com
9                 Telephone: 415.539.0443
                  Facsimile: 800.930.7271
10

11                Paul Beattie, Esq., *pro hac vice pending*
                  Rimon, PC
12                500 Yale Ave. N., 1st Floor
                  Seattle, Washington 98109
13                Paul.Beattie@RimonLaw.com
                  Telephone: 206.971.9763 ext. 236
14                Mobile: 206.696.9095
                  Facsimile: 800.930.7271
15

16                Attorneys for Plaintiff,
                  Daniel E. Levy

17

18

19

20

21

22

23

24

25

26

27

28