UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. LEVY,<br><br>Plaintiff,<br><br>v.<br><br>PREVACUS, INC., et al.,<br><br>Defendants. | Case No. 4:16-cv-01555-KAW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 59 |

On June 20, 2017, Defendants Prevacus, Inc. and Jake VanLandingham filed a motion to dismiss Plaintiff Daniel Levy's first amended complaint on the grounds that the complaint fails to state a claim upon which relief can be granted. (Defs.' Mot., Dkt. No. 59.)

On July 6, 2017, the Court held a hearing, and, for the reasons set forth below, GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss.

## I. BACKGROUND

Plaintiff Daniel E. Levy, Ph.D is a chemist with particular knowledge and expertise in synthesizing chemical molecules. (First Am. Compl., "FAC," Dkt. No. 27 ¶ 1.) Defendant Prevacus, Inc. is a Delaware corporation with its principal place of business in Florida. (FAC ¶ 2.) Prevacus's focus is on developing new treatments for concussions (mild traumatic brain injuries) centering on two synthetic models: one of which was created by Dr. Levy under contract with Prevacus and the other was under development by Prevacus for which Dr. Levy was retained to improve the manufacturing process. *Id.* Defendant Jake VanLandingham is a founder and President of Prevacus, and was Dr. Levy's primary contact at the company. (FAC ¶ 3.)

On or about March 30, 2013, Dr. Levy and Prevacus entered into a written consulting agreement ("Agreement"), in which Dr. Levy agreed to consult with Prevacus to help it synthesize and optimize synthesis of a molecule that could be used to treat concussions. (FAC ¶ 10.) Dr.

Levy went on to design a second, more useful molecule for Prevacus, and directed and supervised the synthesis of that molecule. *Id.* Dr. Levy alleges that he performed all of his obligations under the Agreement, but did not receive all compensation to which he was entitled. *Id.* Dr. Levy alleges that he is owed in excess of $79,000, plus pre-judgment interest and attorneys' fees. *Id.* Dr. Levy further alleges that Prevacus and VanLandingham promised him an ownership/equity interest in Prevacus, both before and after signing the Agreement, and that he performed his obligations based on the promised, additional compensation that never materialized. (FAC ¶ 11.) Dr. Levy alleges that Defendants promised him on numerous occasions, as late as May 2015, that he would receive consulting fees and an equity interest. (FAC ¶¶ 24-25.)

Prevacus filed several patent applications on the work that Dr. Levy did under the Agreement. (FAC ¶ 12.) To Dr. Levy's knowledge, however, none of the patents has issued from his work. *Id.* Dr. Levy has dutifully assigned to Prevacus the rights to his inventions, to the Patent Applications, and to any resulting patents, all in reliance on Prevacus's promise to pay his compensation under the Agreement and to give him an equity interest in Prevacus. *Id.*

On March 29, 2016, Plaintiff filed this lawsuit for breach of contract, quantum meruit/unjust enrichment, promissory estoppel, declaratory judgment, and fraud. On January 11, 2017, Plaintiff filed the first amended complaint. After several extensions, on June 1, 2017, Defendants filed their motion to dismiss. (Defs.' Mot., Dkt. No. 59.) On June 15, 2017, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 60.) On June 20, 2017, Defendants filed a reply. (Defs.' Reply, Dkt. No. 61.)

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, (1957)).

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based

on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III. DISCUSSION

Defendants seek to dismiss all five causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6), so the Court will address each individual cause of action below.

### A. Breach of Contract—Written and Oral

Plaintiff's first cause of action is for breach of contract, both written and oral, against Prevacus and VanLandingham. (FAC ¶¶ 9-13.) Defendants seek to dismiss the breach of written claim against VanLandingham on the grounds that he is not a party to the written Agreement. (Defs.' Mot. at 3.) At the hearing, Plaintiff conceded this point. (*See also* Pl.'s Opp'n at 9.) Thus, Plaintiff's breach of written contract claim cannot be sustained against VanLandingham.

Defendant further seeks to dismiss the breach of oral contract claim against all defendants on the grounds that the Agreement's integration clause bars Plaintiff's claim, because any such provisions for additional compensation, including an equity interest, were not "in writing and signed by both Consultant and the Company." (Defs.' Mot. at 3-4.) In opposition, Plaintiff argues that the Agreement does not bar oral and written promises made after the Agreement was executed. (Pl.'s Opp'n at 10.) Indeed, Plaintiff alleges that the parties continued to negotiate additional terms, including additional services, such as additional compensation for any efforts Plaintiff made to help fundraise or finance Prevacus. (FAC ¶¶ 10-11.) The integration clause is limited to the services provided in Schedule 1, which does not include fundraising. (Agreement § 7.7.)

Alternatively, Defendant contends that Plaintiff is unable to "allege material terms of the purported agreements, such as the amount of stock or commissions purportedly promised to Plaintiff, when such stocks or commissions were to be paid, or exactly what services were to be performed by Plaintiff for the stock or commissions." (Defs.' Mot. at 4; Agreement, FAC, Ex. A § 7.7.) At the hearing, Plaintiff explained that he was promised compensation for services not covered by the Agreement. Plaintiff, however, does not allege that he is entitled to compensation for services actually performed under an oral agreement. Plaintiff must, therefore, amend the cause of action for breach of oral contract to include the material terms.

Accordingly, the first cause of action is dismissed with prejudice as to VanLandingham only as to the breach of written contract, and with leave to amend to allege breach of oral contract to the extent that Plaintiff alleges agreements after the March 30, 2013 Consulting Agreement. As discussed at the hearing, Plaintiff shall plead these claims as two separate causes of action in the

second amended complaint. Plaintiff, in amending this and other causes of action, and in an effort to comply with Federal Rule of Civil Procedure 8, is asked to explicitly include all facts sufficient to state each cause of action, rather than relying entirely on incorporating preceding paragraphs.

### B. Unjust Enrichment

Plaintiff's second cause of action is for unjust enrichment against both Prevacus and VanLandingham. (FAC ¶¶ 14-15.) Defendants seek to dismiss this claim on the grounds that the Agreement, as alleged in the breach of contract cause of action, governs Plantiff's compensation. (Defs.' Mot. at 5.) In opposition, Plaintiff argues that the unjust enrichment claim concerns conduct that post-dates the Agreement, and, therefore, is not governed by its terms. (Pl.'s Opp'n at 11.) This is well taken. The Court finds that the allegations pertain to conduct that post-dates the Agreement, and, at this stage in the litigation, may go forward so far as Plaintiff alleges that he performed services not covered by the Agreement.

Defendants further argue that any claim against VanLandingham must be dismissed on the grounds that he was not a party to the Agreement. (Defs.' Mot. at 5.) In opposition, Plaintiff argues that the claim is based upon VanLandingham's conduct that arose after the Agreement was executed, including oral promises made by VanLandingham himself. (Pl.'s Opp'n at 12.) All allegations in the operative complaint, however, concern Prevacus. At the hearing, Plaintiff explained that VanLandingham promised Plaintiff shares of his own individual stock in exchange for performance.

Accordingly, the motion to dismiss the unjust enrichment claim against VanLandingham is granted with leave to amend, and is denied as to Prevacus.

### C. Promissory Estoppel

Plaintiff's third cause of action is for promissory estoppel against both Prevacus and VanLandingham. (FAC ¶¶ 16-19.) Defendants seek to dismiss the promissory estoppel claim on the grounds that the Agreement governs Plaintiff's compensation. (Defs.' Mot. at 6.) Plaintiff, however, alleges that the promises upon which he detrimentally relied occurred after the Agreement was signed, and was for additional work not covered by the Agreement. (*See* FAC ¶¶ 10-11.) These allegations are sufficient to state a cause of action.

Accordingly, Defendants' motion to dismiss the third cause of action is denied.

### D. Declaratory Judgment

Plaintiff's fourth cause of action is for declaratory judgment against both Prevacus and VanLandingham, in which he seeks "an order declaring that he is the legal, equitable, and/or beneficial owner of all right, title, and interest in and to the Patent Applications and any resulting patents," and the assignment of same. (FAC ¶¶ 20-22.)

Defendants seek to dismiss the declaratory judgment claim on the grounds that Plaintiff's rights are governed by the Agreement. (Defs.' Mot. at 6.) Indeed, the Agreement provides for the assignment of all inventions, patents, and intellectual property to Defendant. (Agreement § 5.1.) Defendant further argues that an adequate remedy exists for Plaintiff to pursue relief under the breach of written contract claim. (Defs.' Mot. at 7.) In opposition, Plaintiff, generally citing the Declaratory Judgment Act, argues that the relief goes beyond the breach of contract claim, because the Agreement does not address what happens should there be a material breach. (Pl.'s Opp'n at 14.) At the hearing, Plaintiff argued that the assignment of patents is premised on being paid under the contract. This position, however, is not tenable for the reasons set forth in Defendants' motion, namely that Plaintiff's remedy regarding his rights to his intellectual property are covered by the other causes of action pled—specifically, the breach of contract cause of action—for which the relief is monetary compensation. Thus, the relief sought is not prospective. Therefore, this is not a situation that falls under the limited exception in the Declaratory Judgment Act, such as seeking to invalidate a patent or trademark to avoid liability for infringement.

In light of the foregoing, Plaintiff's fourth cause of action for declaratory judgment is dismissed with prejudice, because amendment would be futile.

### E. Fraud

Plaintiff's fifth cause of action is for fraud against both Prevacus and VanLandingham. (FAC ¶¶ 23-33.) Defendants seek to dismiss the fraud claim on the grounds that it is not pled with the requisite particularly, and because the allegations that Defendant agreed to negotiate additional compensation are non-actionable and barred by the parol evidence rule. (Defs.' Mot. at 7.)

As an initial matter, the parol evidence rule only excludes evidence that precedes a written

agreement. *See Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 345 (2004). It does not bar evidence that post-dated the Agreement, including the emails attached to the First Amended Complaint, which concern Dr. Levy's purportedly forthcoming equity interest in Prevacus. (*See* FAC, Ex. B.) Furthermore, the parol evidence rule does not exclude evidence of fraud. *Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*, 55 Cal. 4th 1169, 1182 (2013). That Defendants partially compensated Plaintiff for some of the work he performed pursuant to the Agreement does not bar a claim for fraud at the pleadings stage when Plaintiff alleges that future, additional compensation was promised to induce swift performance under the guise of needing to protect Prevacus's intellectual property. (*See* FAC ¶ 29; 8/21/16 Email from VanLandingham, FAC, Ex. B, Dkt. No. 27 at 36-37.) Moreover, as discussed above, the Agreement explicitly identifies which services are governed by the Agreement, and fundraising is not one of them.

Under California law, the elements of fraud are: (1) the defendant made a false representation as to a past or existing material fact; (2) the defendant knew the representation was false at the time it was made; (3) in making the representation, the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered resulting damages. *West v. JPMorgan Chase Bank, N.A.*, 214 Cal. App. 4th 780, 792 (2013) (citations omitted).

As written, the emails suggest that there was a forthcoming amendment to the Agreement that would provide Dr. Levy with an equity interest as part of his compensation, but that Dr. Levy needed to continue working on the Prevacus projects even while the instant litigation was ongoing. (FAC, Ex. B.) Furthermore, Plaintiff adequately alleges that he relied on the representations made by Defendants that he would receive equity in the company, which he alleges Defendants knew to be false, but that Plaintiff needed to continue working without the terms in place because time was of the essence, and he has suffered damages by not receiving the equity promised. (FAC ¶¶ 24-33.) In short, Plaintiff alleges that Defendants purposefully misrepresented that he would receive equity in the company to get additional performance out of him. (FAC ¶¶ 30-32.) Thus, Plaintiff states an actionable claim for fraud, and Defendants' motion to dismiss the fifth cause of action is

7

denied.

**IV. CONCLUSION**

In light of the foregoing, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss. Specifically, the cause of action for breach of written contract as to Jake VanLandingham is dismissed without leave to amend, and the claim for breach of oral contract is dismissed with leave to amend against both defendants. Additionally, the second cause of action for unjust enrichment against VanLandingham is dismissed with leave to amend, and denied as to Prevacus. The fourth cause of action for declaratory judgment is dismissed with prejudice. The motion is denied as to the third and fifth causes of action.

Plaintiff shall file a second amended complaint within 21 days.

IT IS SO ORDERED.

Dated: July 6, 2017

KANDIS A. WESTMORE
United States Magistrate Judge