UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. LEVY,<br><br>   Plaintiff,<br><br>  v.<br><br>PREVACUS, INC., et al.,<br><br>   Defendants. | Case No. 4:16-cv-01555-KAW<br><br>**ORDER REGARDING DEFENDANT VANLANDINGHAM'S MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Re: Dkt. No. 64 |

On July 16, 2017, Defendant Jacob W. VanLandingham filed a motion for attorney's fees and costs on the grounds that he was the prevailing party based solely on the fact that he successfully moved to dismiss the First Amended Complaint's First Count for Breach of Written Contract. (Def.'s Mot., Dkt. No. 64 at 1.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Defendant's motion for attorney's fees and costs.

## I. BACKGROUND

Plaintiff Daniel E. Levy, Ph.D is a chemist with particular knowledge and expertise in synthesizing chemical molecules. (First Am. Compl., "FAC," Dkt. No. 27 ¶ 1.) Prevacus, Inc. is a Delaware corporation with its principal place of business in Florida. (FAC ¶ 2.) Prevacus's focus is on developing new treatments for concussions (mild traumatic brain injuries) centering on two synthetic models: one of which was created by Dr. Levy under contract with Prevacus and the other was under development by Prevacus for which Dr. Levy was retained to improve the manufacturing process. *Id.* Defendant Jake VanLandingham is a founder and President of Prevacus, and was Dr. Levy's primary contact at the company. (FAC ¶ 3.)

United States District Court
Northern District of California

On or about March 30, 2013, Dr. Levy and Prevacus entered into a written consulting agreement ("Agreement"), in which Dr. Levy agreed to consult with Prevacus to help it synthesize and optimize synthesis of a molecule that could be used to treat concussions. (FAC ¶ 10.) Dr. Levy went on to design a second, more useful molecule for Prevacus, and directed and supervised the synthesis of that molecule. *Id.* Dr. Levy alleges that he performed all of his obligations under the Agreement, but did not receive all compensation to which he was entitled. *Id.*

On March 29, 2016, Plaintiff filed this lawsuit for breach of contract, quantum meruit/unjust enrichment, promissory estoppel, declaratory judgment, and fraud. On January 11, 2017, Plaintiff filed the first amended complaint. After several extensions, on June 1, 2017, Defendants filed their motion to dismiss. (Dkt. No. 59.) The Court ultimately dismissed the breach of written contract cause of action against Mr. VanLandingham with prejudice. (7/6/17 Order, Dkt. No. 62.)

On July 16, 2017, Defendant Jacob W. VanLandingham filed a motion for attorney's fees and costs on the grounds that he was a prevailing party because he successfully moved to dismiss the first cause of action for breach of written contract. (Def.'s Mot., Dkt. No. 64 at 1.) As a result, Defendant seeks an award of reasonable attorney's fees in the amount of $12,072.50, and costs in the amount of $160.95, pursuant to the Agreement's attorney fee provision, which states that "[t]he prevailing party in any dispute or legal action regarding the subject matter of this Agreement shall be entitled to recover attorney's fees and costs." (*Id.*; Agreement, FAC, Ex. A § 7.5.) On July 31, 2017, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 69.) On August 5, 2017, Defendant filed a reply. (Def.'s Reply, Dkt. No. 74.)

## II. LEGAL STANDARD

California law governs the right to recover attorneys' fees pursuant to an underlying contract. *See Berkla v. Corel Corp.,* 302 F.3d 909, 919 (9th Cir. 2002) (applying Cal. Civ. Proc. Code § 1021, which requires courts to follow contractual fee-shifting provisions). In similar circumstances, courts in this district have awarded attorney's fees. *See, e.g., Nguyen v. Wells Fargo Bank, N.A.,* No. C-10-4081-EDL, 2011 WL 9322 (N.D.Cal. Jan. 3, 2011). California Civil Code § 1717(a) governs the recovery of attorneys' fees pursuant to an underlying contract, stating:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

"An involuntary dismissal operates as an adjudication on the merits unless it is for lack of jurisdiction, improper venue, or failure to join a party under Rule 19." *Mitchell v. Wells Fargo Bank, N.A.*, Case No. 13-4017-KAW, 2014 WL 1320295, at *2 (N.D. Cal. Apr. 1, 2014) (internal quotation omitted).

### III. DISCUSSION

Defendant argues that he is the prevailing party based on the undersigned's dismissal of the first cause of action for breach of written contract with prejudice, and, therefore, is entitled to attorney's fees under the Agreement. (Def.'s Mot. at 2, 5.)

The first cause of action in the First Amended Complaint was "Breach of Contract—Written and Oral." It was not simply a breach of written contract claim. Plaintiff conceded in his opposition to the motion to dismiss, and reiterated at the hearing, that the basis for the breach of contract claim against Mr. VanLandingham was a breach of oral contract and that he was only pursuing a claim for breach of written contract against Prevacus, because Mr. VanLandingham was not a party to the contract. (*See* Dkt. No. 60 at 9.) Indeed, the First Amended Complaint's allegations regarding the breach of written contract only pertained to Prevacus. The complaint, however, was not clearly drafted, because both written and oral contract claims were included under the same cause of action. So, in the interest of clarity, the Court dismissed the claim for breach of written contract against Mr. VanLandingham with prejudice, dismissed the claim for breach of oral contract against him with leave to amend, and instructed Plaintiff to plead the breach of oral and written contract claims separately in the second amended complaint. (*See* 7/6/17 Order, Dkt. No. 62 at 4-5.) Thus, Plaintiff did not purposefully allege a breach of written contract claim against Mr. VanLandingham, and he cannot be deemed a prevailing party, and is not entitled to attorney's fees and costs.

Thus, the Court need not address whether Mr. VanLandingham is entitled to recover under

3

1   the attorney's fees provision in a contract to which he was not a party nor whether the Agreement
2   permits the recovery of attorney's fees and costs on a dispute-by-dispute basis.

3       Even so, the cases Defendant cites do not support his position that he is entitled to
4   attorney's fees at this juncture, as they are inapposite. (*See* Def.'s Mot. at 4-5.) By way of
5   example, in *W. Willow-Bay Court, LLC v. Robino-Bay Court Plaza, LLC*, the court found that
6   West Willow was a prevailing party and entitled to its attorney's fees and costs, because it
7   prevailed in the liability phase of the litigation despite being unable to ultimately obtain the
8   damages sought. 2009 WL 458779, at *9 (Del. Ch. Feb. 23, 2009). Similarly, in *Herbert v.*
9   *Platinum Capital Partners, Inc.* an interim award of attorney's fees and costs was affirmed based
10  on one party obtaining a temporary restraining order, regardless of the outcome of the separate
11  action between the parties. 122 A.D.3d 423, 423, 997 N.Y.S.2d 10, 11 (2014). The Ninth Circuit
12  cases cited by Defendant generally require that a party prevail on the substantive merits—at trial,
13  summary judgment, or by obtaining a preliminary injunction—to obtain a piecemeal attorney's
14  fees award, rather than at the pleadings stage. *See Marks v. Clarke*, 102 F.3d 1012, 1033–34 (9th
15  Cir. 1996), as amended on denial of reh'g (Feb. 26, 1997) (attorney's fees available to plaintiffs
16  whose motion for summary judgment was granted in part); *Animal Lovers Volunteer Ass'n, Inc. v.*
17  *Carlucci*, 867 F.2d 1224, 1225 (9th Cir. 1989)(appellants won a determination on the merits of
18  their claim for declaratory relief).

19      In order to be a prevailing party under a contractual attorney's fees provision based on a
20  dismissal on procedural grounds, a defendant must have completely defeated the underlying
21  federal lawsuit. *See Anderson v. Melwani*, 179 F.3d 763, 767 (9th Cir. 1999)(procedural grounds);
22  *see also Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 888 (9th Cir. 2000)(motion to
23  dismiss granted on all claims for lack of standing). Defendant also cited *Avaya, Inc. v. Charter*
24  *Communs. Holding Co., LLC*, which is also of help, as that case found that fees were recoverable
25  after the voluntary dismissal of the entire action due to improper venue, because the fees provision
26  permitted recovery based on "any action or proceeding." 2016 Del. Ch. LEXIS 18, at *7 (Del. Ch.
27  Jan. 29, 2016). Thus, even if the contractual provision permits recovery on a dispute-by-dispute
28  basis, it must generally be on the merits rather than at the pleadings stage. Moreover, the court

may, in its discretion, "refuse to enforce a contractual attorney's fees provision if an award of fees would be 'inequitable and unreasonable.'" *Anderson*, 179 F.3d at 766. Given the nature of the allegations leveled against Mr. VanLandingham, the Court finds that an award of attorney's fees at this juncture, or at any time before judgment is entered, would be inequitable and unreasonable in the absence of complete defeat. Thus, while the Court recognizes that Mr. VanLandingham went to some expense in filing the motion to dismiss, it did not result in the dismissal of all claims against him, rendering the instant motion almost certainly premature even if it were meritorious. (*See* 7/6/17 Order at 8.)

The Court is troubled that Defendant did not meet and confer with Plaintiff prior to filing the instant motion for attorney's fees. (*See* Pl.'s Opp'n, Dkt. No. 69 at 12.) While Defendant is technically correct that Civil Local Rule 54-5(b)'s meet and confer requirement only explicitly applies to motions for attorneys' fees that follow a judgment—which is the typical timing of such motions— the Northern District Guidelines for Professional Conduct provide that "[b]efore filing a motion, a lawyer should engage in a good faith effort to resolve the issue." (Northern District Guidelines § 10.) There is no dispute that Defendant did not attempt to resolve the issue of attorney's fees prior to filing the motion. Nonetheless, the Court is confident that defense counsel will follow the Guidelines in good faith in the future.

### IV. CONCLUSION

In light of the foregoing, Defendant's motion for attorney's fees and costs is DENIED.

IT IS SO ORDERED.

Dated: August 29, 2017

KANDIS A. WESTMORE
United States Magistrate Judge

5